IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KASEY FOX, et al., Each Individually**     **PLAINTIFFS**
**and on Behalf of All Others Similarly Situated**

vs.           Case No. 4:19-cv-37-KGB

**TTEC SERVICES CORP.**           **DEFENDANT**

## JOINT MOTION TO DISMISS AND FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Kasey Fox, et al., each individually and on behalf of those who opted in to this lawsuit, and TTEC Services Corp. ("Defendant"), by and through their respective undersigned counsel, jointly submit this Joint Motion to Dismiss and for Approval of Settlement Agreement:

### I. INTRODUCTION

This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. for unpaid overtime wages. Plaintiff Kasey Fox brought the lawsuit on behalf of herself and other current and former employees of Defendant, alleging that Defendant required certain individuals to perform work that was unrecorded and uncompensated and as a result failed to pay them an overtime premium for all hours worked over forty per week. Defendant disputes these allegations, arguing that Plaintiff Kasey Fox and others purportedly similarly situated were paid for all hours worked and received all overtime compensation due to them.

On March 22, 2021, the Court conditionally certified the following collective class:

Page 1 of 7
Kasey Fox, et al. v. TTEC Services Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

**All hourly paid Healthcare Advocates employed after January 17, 2016, at TTEC's Arkansas offices**

*See* ECF No. 60.

In all, 19 individuals have submitted Consent to Join forms, joining the lawsuit as party-plaintiffs. Of these, nine individuals, Rejia Foots, Lakesha Scott, Temisha Daniel, Mashaya Jordan, Brandi Henson, Yvette Davis, Antoinette Lane, Latrice Peterson-Davis, and Vivian Koker-Thomas (each and Plaintiff Kasey Fox a "Named Plaintiff") were added to the case as named Plaintiffs via the First Amended Complaint. *See* ECF No. 37. The Parties' settlement agreement resolves the claims of the Named Plaintiffs as well as the 10 other individuals who have submitted Consent to Join forms (the "Opt-In Plaintiffs," and, together with Named Plaintiffs, "Plaintiffs").

Following mediation with experienced FLSA mediator Dennis Clifford, the Parties reached a Settlement Agreement and Release ("Agreement"). A fully-executed copy of the Parties' Agreement and Appendix A thereto is attached to this Motion as Exhibit 1. The Parties believe their proposed settlement agreement represents a fair and reasonable resolution of their legal and factual disputes.

## II.     ARGUMENT

Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

Page 2 of 7
Kasey Fox, et al. v. TTEC Services Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

The Eighth Circuit has recently cast doubt on whether settlements of wage claims require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." *Id.* at *6. Nonetheless, to ensure that their settlement agreement is enforceable, the Parties request this Court's review and approval of their Agreement.

The Parties' settlement agreement is the product of arm's length negotiations in good faith between experienced counsel. Prior to engaging in negotiations, the Parties exchanged extensive formal and informal discovery regarding Plaintiffs' timekeeping and payroll records. After the Parties reached a settlement in principle, they exchanged drafts of the settlement agreement until both Parties were satisfied with the version now before this Court. Both Parties were represented throughout the litigation by counsel experienced in litigating wage disputes.

A. *The Settlement Agreement Resolves Bona Fide Factual and Legal Disputes.*

To arrive at their settlement agreement, the Parties reached compromises of many bona fide factual and legal disputes. First, the Parties disagreed over the number of hours worked by Plaintiffs, the policies Defendants set in place for their hourly paid Healthcare Advocates to follow and whether Plaintiffs worked hours that went unrecorded and uncompensated. Bona fide disputes exist as to the bases of the unpaid wage claims themselves, and this settlement resolves those disputes.

Page 3 of 7
Kasey Fox, et al. v. TTEC Services Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

Plaintiffs' position is that during the process of booting up and turning off their work computers before and after each shift, which took approximately 15 minutes each time, they were unable to clock into Defendant's time-keeping software. Accordingly, Plaintiffs allege that multiple hours of work each week went unrecorded and uncompensated, leading to overtime violations. Defendants deny that Plaintiffs performed any work which went uncompensated and, assuming that there was any uncompensated time, it was effectively *de minimis*. Specifically, Defendants contend that Plaintiffs clocked in and out through biometric wall clocks and, thus, recorded and were paid for all of their hours worked. Moreover, to the extent any Plaintiffs recorded their hours through a computer-based timekeeping system, they were paid for that time.

Another point of contention is whether Defendant is liable for liquidated damages. In addition to their unpaid wages, FLSA plaintiffs are entitled to an equal amount as liquidated damages. 29 U.S.C. § 216(b). However, the employer can avoid liquidated damages by showing that it acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA. *Jarrett v. ERC Props.*, 211 F.3d 1078, 1083 (8th Cir. 2000). Defendant was prepared to bring evidence of its good faith compliance with the law.

B.   *The Terms of the Settlement Agreement are Fair and Reasonable.*

In negotiating the compromise now before the Court, counsel for the Parties evaluated Plaintiffs' documented hours of work, Plaintiffs' likelihood of success in litigating the disputed issues above, the risk that the Court would decertify the collective action, and the time and expense of trying Plaintiffs' claims. The settlement agreement allocates the settlement fund to each Plaintiff in proportion to the number of workweeks of each

Page 4 of 7
Kasey Fox, et al. v. TTEC Services Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

Plaintiff's tenure reflected in Defendant's timekeeping records.

Under the terms of the Agreement, each Plaintiff is receiving an amount which compensates them for, at a minimum, 1.4 off-the-clock hours at an overtime rate per workweek during which Defendant maintained the policy mentioned in the Complaint. The Parties believe this is a reasonable compromise due to the Parties' disagreements as to the amount, if any, of off-the-clock work per week.

Based on the discovery materials provided by Defendant, Defendant possessed a substantial chance of proving that multiple of the Plaintiffs did not, in fact, work for Defendant. Of these, a significant number have opted into the case styled *Davis v. TTEC Healthcare Solutions, Inc., et al.*, Case No. 1:18-cv-03098 (D. Colo.) ("*Davis*"), which brings claims similar to the present suit against a separate subsidiary of TTEC Holdings, Inc. These Plaintiffs, each receiving a $100.00 settlement minimum, will not have any such claims present within *Davis* affected by the current settlement.

The Parties negotiated attorneys' fees and costs separately and without regard to Plaintiff's claim. Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

This Settlement Agreement resolves all matters remaining before the Court. Accordingly, Plaintiffs and Defendants jointly seek dismissal, with prejudice, of this action.

Page 5 of 7
Kasey Fox, et al. v. TTEC Services Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction to enforce the terms of the settlement, if needed.

### III.     CONCLUSION

The Parties reached their settlement agreement after a thorough review of Plaintiffs' available time and pay records, vigorous motions practice including conditional collective certification, and arm's length settlement negotiations. Because the settlement agreement is a reasonable compromise of bona fide disputes over numerous contested issues, the Parties respectfully request that this Court approve the settlement agreement, dismiss Plaintiffs' claims with prejudice, and retain jurisdiction in this matter for the sole purpose of enforcing the settlement agreement.

Respectfully submitted,

**KASEY FOX, et al., Each Individually and on Behalf of All Other Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 6 of 7
Kasey Fox, et al. v. TTEC Services Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

    **and**    **DEFENDANT TTEC SERVICES CORP.**

Perkins Coie LLP
110 North Wacker Drive
Suite 3400
Chicago, IL 60606
Telephone: (312) 263-5071
Fax: (312) 324-9516

*/s/ Arthur J. Rooney*
Arthur J. Rooney
arthur.rooney@bakermckenzie.com

**Page 7 of 7**
**Kasey Fox, et al. v. TTEC Services Corp.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-37-KGB**
**Joint Motion to Dismiss and for Approval of Settlement Agreement**