# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KASEY FOX, Individually and on Behalf of**
**All Others Similarly Situated,** *et al.*                                                              **PLAINTIFFS**

v.                                      Case No. 4:19-cv-00037-KGB

**TTEC SERVICES CORP.**                                                                                **DEFENDANT**

## ORDER

Plaintiffs Kasey Fox, Rejia Foots, Lakesha Scott, Temisha Daniel, Mashaya Jordan, Brandi Henson, Yvette Davis, Antionette Lane, and Latrice Peterson-Davis filed this action asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (Dkt. No. 37, ¶ 56). Before the Court is the parties' joint motion to dismiss and for approval of settlement agreement (Dkt. No. 73). The parties now request that the Court approve the settlement. Attached to the motion as Exhibit 1 is a FLSA settlement agreement and release ("settlement agreement") (Dkt. No. 73-1).

The Court observes that additional individuals joined this action as plaintiffs, such that the FLSA settlement agreement recites that it settles the claims of the following individuals:  Temisha Daniel, Yvette Davis, John Stephen Dawson, Rejia Foots, Kasey Fox, Jennifer Goforth, Brandi Henson, Gina James, Darius Johnson, Mashaya Jordan, Kirstie Kelly, Vivian Koker-Thomas, Antoinette Lane, Marvin Newsom, Latrice Peterson-Davis, Tasha Ponnell, Ralanda Richard, Kendra Russell, LaMonda Rycraw, and Lakesha Scott as against defendant TTEC Services Corporation (Dkt. No. 73-1, at 1).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, Case No. 5:08-cv-1694, 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)). Before approving a settlement, the Court must

ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. V. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. *See generally Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026–27 (8th Cir. 2019) (explaining that there is a circuit split on the issue of "whether to extend older Supreme Court cases so as to require judicial approval of *all* FLSA settlements[,]" and explaining that the Eighth Circuit has "never taken a side on this issue."). However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise).  If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise).  The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In their joint motion, the parties address the award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b). The parties represent that: "The Parties negotiated attorneys' fees and costs separately and without regard to Plaintiff[s]' claim." (Dkt. No. 73, at 5). The Court observes that the settlement agreement includes provisions addressing attorneys' fees, including amounts; no party before the Court objects to the agreement (Dkt. No. 73-1, at 3). *See Barbee*, 927 F.3d at 1027.

Having reviewed the settlement agreement, the Court determines that the settlement agreement both provides plaintiffs a reasonable recovery and furthers the implementation of the

2

FLSA in the workplace.  Therefore, the Court grants the joint motion to dismiss and for approval of settlement agreement (Dkt. No. 73), and the Court approves the settlement agreement (Dkt. No. 73-1).

The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the parties' settlement agreement.  The Court retains exclusive jurisdiction over the performance and enforcement of the settlement agreement and this Order.

It is so ordered this the 19th day of September, 2022.

_____
Kristine G. Baker
United States District Judge